UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAIYM SHAHAAB TALIB
aka Lonnie Walker,

      Plaintiff,

v.                                   Case No. 3:17-cv-452-J-39JRK

CAPTAIN G. M. ANDERS, et al.,

      Defendants.
_____

## ORDER

Before this Court are Plaintiff's Motion for Reconsideration (Docs. 20, 21; Motion, Part 1 and Part 2);[1] Plaintiff's Motion for the Clerk to Provide Plaintiff with Process Service in Lake Butler (Doc. 28; Service Motion); and Plaintiff's numerous Notices to the Court regarding his continued inability to effectuate service of process (Docs. 23, 26, 27, 29). As background, Plaintiff, an inmate of the Florida penal system, initiated this action on April 17, 2017, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint), naming eighteen defendants. Importantly, Plaintiff has paid the $400.00 filing fee, and is not proceeding as a pauper. Therefore, he is responsible for service of process on all Defendants.

With regard to the Service Motion, Plaintiff requests this Court's assistance to provide him with "a civil process service [sic] to serve Complaint and process on Lake Butler Defendants." Service Motion at 2. As to the Plaintiff's Motion for Reconsideration,

---

[1] Document 21 is titled "Objection," though Plaintiff labels it "Part 2," with the first Motion (Doc. 20) labeled "Part 1." Both documents set forth his objections to the Court's Order (Doc. 18) entered on October 17, 2017, as discussed in this Order. The two documents, together, will be construed to constitute one Motion for Reconsideration.

Plaintiff asks the Court to reverse its Order dated October 17, 2017 (Doc. 18; Order). In that Order, this Court quashed the summonses as to all Defendants[2] because Plaintiff attempted to effectuate service of process by U.S. mail and not in accordance with Rule 4, Federal Rules of Civil Procedure. Plaintiff objects to the Order because, he asserts, the Clerk of Court permitted him to proceed, without objection, with his stated plan to serve process by mail. See Motion (Doc. 20) at 2.[3] Plaintiff also seems to suggest that the Court has incorrectly prevented him from proceeding as a pauper, though, admittedly, Plaintiff's comments in this regard are vague at best. See Motion, Part 2 at 1-2. Plaintiff is not proceeding as a pauper in this case, nor is he permitted to do so pursuant to the "three-strikes" rule under 28 U.S.C. § 1915(g). Plaintiff mistakenly implies that since he was declared indigent in a state court proceeding in 2015, he is automatically afforded that status in this action pending in federal court. To the extent Plaintiff asserts he may proceed as a pauper in this action, he is operating under a misunderstanding of the distinction between state and federal court systems and the relevant procedural and substantive rules.

As a preliminary matter, it appears Plaintiff has mooted his Motion for Reconsideration: On November 16, 2017, less than two weeks after he filed his original Motion (Part 1), Plaintiff submitted summonses to the Clerk for all Defendants. The Clerk issued summonses for seven Defendants (Doc. 22), noting that Plaintiff's remaining summonses were incorrectly completed. The Clerk later issued summonses for the remaining Defendants (Doc. 24). Thus, it appears Plaintiff is attempting to effectuate

---

[2] Defendants made limited appearances for the sole purpose of moving to quash summonses that the Plaintiff mailed to them. See Motions (Docs. 12, 13, 14).
[3] In a notice to the Court, Plaintiff reiterated his apparent frustration with the Clerk of Court, stating that the Clerk was "making it difficult for the Plaintiff to proceed." See Notice (Doc. 23) at 3.

proper service of process as directed in the Order he asks the Court to reverse. In any event, Plaintiff's Motion for Reconsideration and the Service Motion (Docs. 20, 21, 28) are due to be denied. Plaintiff has not submitted his Motions in compliance with Rule 3.01, Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Specifically, plaintiff has failed to include "a statement of the basis for the request[s], [or] a memorandum of legal authority in support of the request[s]." See Local Rule 3.01(a). With respect to the Service Motion, the Court reminds the Plaintiff that this Court has previously denied a similar request by him. See Order (Doc. 7) (denying Plaintiff's request for the cost to serve summonses on Defendants). In addition, Plaintiff's Motion for Reconsideration does not seek review of a final order or judgment pursuant to Rules 59(e) or 60(b), Federal Rules of Civil Procedure. Thus, the Court's Order quashing service of process is not subject to the review he seeks. The Court also notes that it is not the Clerk's duty to advise pro se plaintiffs of the applicable rules of procedure or to provide litigation support. Despite proceeding pro se, Plaintiff is required to adhere to the applicable Federal Rules of Civil Procedure, including those related to service of process. See Moon v. Newsome, 863 F.2d 835, 837-38 (11th Cir. 1989).

Because Plaintiff's numerous Notices to the Court do not constitute proper motions in accordance with the applicable rules of procedure or this Court's Local Rules, those are due to be stricken without the Court ruling on them. Plaintiff is advised that he may not communicate with this Court in letter format, nor should he continue to file notices with the Court requesting litigation support or ad-hoc exceptions to the rules regarding service of process. Plaintiff has consistently sought this Court's assistance with service of process, despite being informed on more than one occasion that he himself is

responsible for effectuating service on Defendants. See Orders (Docs. 3, 7, 18). Indeed, the Court's original Order directing Plaintiff to serve process included detailed information as to the method for completing service in accordance with the applicable rules of procedure. See Order (Doc. 3; Service Order). Notably, the Service Order specifically informed Plaintiff that the method for perfecting service of process is "exacting, and must be done in one of several specific ways." Service Order at 2. The Service Order described in detail the procedures Plaintiff should follow to effectuate service, indicating the Clerk's limited role would be to stamp the summonses, which the Plaintiff then would be required to properly serve. Id.

The Plaintiff is advised to review the Court's previous Orders (Docs. 3, 18) and Rule 4 of the Federal Rules of Civil Procedure. At this point, Plaintiff is testing the limits of scarce judicial resources. Plaintiff filed this action in April, 2017, and he still has not perfected service of process, with no good cause shown for the most recent delay. See Fed. R. Civ. P. 4(m). It appears Plaintiff has attempted to show good cause by asserting that his correctional facilities (he was transferred in December) have impacted his ability to serve Defendants. For example, Plaintiff states that, while he "has sufficient funds left in his account . . . Graceville [his former institution] has not forwarded Plaintiff's funds." See Notice (Doc. 26) at 1. With regard to his current institution, Northwest Florida Reception Center, Plaintiff claims his "legal mail has been tampered with," impacting his ability to serve Defendants.[4] In support of this contention, he includes a two-page Exhibit,

---

[4] This portion of Plaintiff's Notice is difficult to decipher with some words being illegible. It is not entirely clear to this Court what Plaintiff is asserting with regard to his legal mail, though it appears he is suggesting the correctional facility is hindering his ability to serve Defendants. He does not indicate how the correctional facility may be tampering with his legal mail, nor does he include any specific facts supporting this conclusory statement.

which consists of a patchwork of copies of various documents, including (1) receipts from the canteen; (2) a statement from his inmate trust account, which shows a balance of $3,809.67 as of December 31, 2017; and (3) notices from the correctional facility regarding undeliverable mail (Doc. 29-1).

Notably, the correctional facility's notices regarding his mail indicate he has money in his account, to which it does not appear the correctional facility is denying him access, though he has not provided postage, resulting in the mail being returned to him. These notices directly contradict Plaintiff's assertion that his mail is being "tampered" with or that others are hampering his ability to serve Defendants. To the extent Plaintiff is experiencing difficulty navigating the correctional facility's procedures to access his funds and post mail, he has failed to demonstrate good cause for his failure to properly and completely serve Defendants in this action.

Plaintiff must serve Defendants by **April 9, 2018**, pursuant to Rule 4. Plaintiff must provide the Court with certification of service and documents reflecting proper, completed service upon each Defendant by **April 16, 2018**. Failure to provide proof of proper service for a particular Defendant or failure to show good cause for the failure to effect service within the time allotted will result in the dismissal of that Defendant, and potentially the case, without further notice. See id. ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant.").

Plaintiff asserts that since the Defendants have already received the Complaint by mail, it would be an unnecessary expense to copy the Complaint to perfect service. Motion (Doc. 20) at 2-3. To the extent Plaintiff requests that the Court waive the requirement that

he serve, along with the summonses, copies of the Complaint, the Plaintiff is advised that proper and <u>complete</u> service is a jurisdictional requirement, which may not be waived by the Court.[5] "Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." <u>Abele v. City of Brooksville, Fla.</u>, 273 F. App'x 809, 811 (11th Cir. 2008) (citing <u>Prewitt Enter., Inc. v. Org. of Petroleum Exp. Counties</u>, 353 F.3d 916, 925 (11th Cir. 2003)); <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

Accordingly, it is

**ORDERED**

1. Plaintiff's Motion for Reconsideration (Docs. 20, 21) is **DENIED**.

2. Plaintiff's Motion for the Clerk to Provide Plaintiff with Process Service in Lake Butler (Doc. 28) is **DENIED**.

3. Plaintiff's Notices to the Court (Docs. 23, 26, 27, 29) are **STRICKEN** from the docket.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of February, 2018.

_____
BRIAN J. DAVIS
United States District Judge

---

[5] As noted in the Court's October 17, 2017, Order, Defendants may waive personal service of process if Plaintiff follows the procedures set forth in Rule 4(d).

Jax-6 2/8
c:  Naiym Shahaab Talib, #080322
    Counsel of Record