UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAIYM SHAHAAB TALIB
aka Lonnie Walker,

    Plaintiff,

v.                                      Case No. 3:17-cv-452-J-39JRK

CAPTAIN G. M. ANDERS, et al.,

    Defendants.
_____

## ORDER

1. Plaintiff's "Motion for Inspector General's Office Process and Complaint to be Served by Leon County Sheriff Department" (Doc. 32) is **DENIED**. Plaintiff's Motion does not comport with this Court's Local Rule 3.01(a) or this Court's previous order addressing Plaintiff's service issues. See Order Doc. 30; see also Local Rules of the United States District Court for the Middle District of Florida.

2. Plaintiff's "Motion to Enforce Injunction Against Defendant McElmore for Pointing out Plaintiff . . . to Non-Defendants to Create Problems for Plaintiff" (Doc. 33; Injunction Motion) is **DENIED**. Plaintiff has failed to comply with Local Rules 3.01(a), 4.05(b), and 4.06(b). More importantly, because Plaintiff has not yet served McElmore, this Court lacks jurisdiction to provide the relief Plaintiff seeks. See Fed. R. Civ. P. 65(d) ("Every order granting an injunction and every restraining order . . . binds only . . . the parties."). As such, Plaintiff's request is not properly before the Court. Even if the request were properly before this Court, Plaintiff has failed to demonstrate injunctive relief is

appropriate. Injunctive relief is only appropriate where a movant demonstrates the following:

> (a) there is a substantial likelihood of success on the merits;
> (b) the . . . injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm the . . . injunction would cause to the non-movant; and
> (d) the . . . injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam). Injunctive relief "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [his] burden of persuasion." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (11th Cir. 2015) (quotations and citation omitted); see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Here, Plaintiff has not met his burden of persuasion as to these four prerequisites for injunctive relief. Plaintiff is encouraged to address any problems he is experiencing with prison guards or his conditions of confinement through the prison grievance procedures available to him.

3. Plaintiff's Notices to the Court (Docs. 35, 36, 37, 38, 39) are stricken from the docket. Plaintiff is reminded that he may file with the Court only proper motions that comply with the applicable Federal Rules of Civil Procedure and this Court's Local Rules and that seek appropriate relief.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of March, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6 3/30
c: Naiym Shahaab Talib, #080322