UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAIYM SHAHAAB TALIB
aka Lonnie Walker,

       Plaintiff,

v.                                             Case No. 3:17-cv-452-J-39JRK

CAPTAIN G. M. ANDERS, et al.,

       Defendants.
_____

## ORDER

Before this Court are Plaintiff's various Notices and Motions alerting the Court to his continued inability to properly serve Defendants. Plaintiff initiated this action on April 17, 2017, by filing a pro se Civil Rights Complaint (Docs. 1, 1-1; Complaint), naming eighteen Defendants. He is not proceeding in forma pauperis and, therefore, is responsible for service of process. On May 17, 2017, the Court ordered Plaintiff to serve all Defendants no later than July 24, 2017 (Doc. 3), per Rule 4(m) of the Federal Rules of Civil Procedure. At that time, the Court instructed Plaintiff that a failure to properly serve a Defendant within the timeframe set forth in Rule 4 would result in a dismissal of that Defendant.

Although this case has been pending for over a year, only five Defendants have been served: Captain M. Anders; Sgt. Sandra Bryant; Officer A. Wasdin; Tony Mims; and the Inspector General of the Florida Department of Corrections (Department). Of these five served Defendants, the Court directed the U.S. Marshal to serve four of them (Doc.

63), in part because the Department provided addresses of former employees under seal.[1] The Court's most recent Order granting Plaintiff an extension of time to properly serve all Defendants (Doc. 57) required him to show proof of service by July 20, 2018. Plaintiff has failed to do so, and he has recently requested another extension of time (Docs. 74, 77) and this Court's assistance to serve Defendants (Docs. 78, 79).

Therefore, it is now

**ORDERED**:

1. Plaintiff's Notice to Court (Doc. 58) is **STRICKEN**. As the Court previously advised the Plaintiff (Doc. 57), this Court may not order Sheriff Brad Whitehead to return funds to him.

2. Plaintiff's Motion for the Court to have the U.S. Marshal serve Defendants Young, Winkler, Wellhausen, C. Griffis, and Judge Stanley Griffis (Doc. 60) is **DENIED**. The Court has previously advised Plaintiff that any requests for relief must be in the form of a proper motion, including a memorandum of legal authority supporting the relief sought, in compliance with Rule 3.01, Local Rules of the United States District Court for the Middle District of Florida. See Orders (Docs. 30, 40, 42). Not only has Plaintiff failed to file a proper motion in compliance with this Court's Local Rules, but Plaintiff has not demonstrated good cause for his failure to perfect service of process. His assertions that he "has followed all procedures," and that Sheriff Whitehead has opposed him and destroyed his documents are conclusory and not supported. In addition, according to the returns of service (Doc. 53-1) and a letter from the Union County Sheriff's Office (Doc. 56-1), which Plaintiff provided in support of previously-filed motions, it appears that the

---

[1] The Court also directed the U.S. Marshal to serve the Inspector General (Doc. 63).

Sheriff's Office properly attempted service of process in accordance with Plaintiff's request. Sgt. C.T. Hanlon, on behalf of the Sheriff's Office, represented that he attempted service of process on sixteen individuals, and provided a reason for his inability to serve each person "after due diligence to locate" him or her.

3. On May 29, 2018, the Department filed a notice advising that "Staff was unable to locate contact information for Defendants Officer Buckholtz, Captain C. Griffis, Lt. Mason, Lt. Bennett, or Officer Faulkner without additional information such as first name" (Doc. 54). On June 4, 2018, the Court directed Plaintiff to provide additional information to identify Defendants Buckholtz, C. Griffis, Mason, Bennett, and Faulkner (Doc. 57). On July 2, 2018, Plaintiff complied (Doc. 64). Therefore, by **September 4, 2018**, the Court requires that the Department provide the Court with the current place of employment or last known address for Defendants **Nathaniel Buckholtz, Corey Griffis, Samuel Mason, Dennis Bennett,** and **William Faulkner**. If a Defendant's forwarding address is confidential, the Department must provide the address to the Court in camera.

4. The **Clerk** shall electronically send a copy of the Department's Notice (Doc. 54), Plaintiff's Response (Doc. 64), and this Order to the General Counsel's Office (via Alexandria Williams, Esquire).

5. Plaintiff's Motion for Defendants (DOC) to Furnish Plaintiff with Proper Identity of First Names for Defendants Buckholtz, Griffis, Mason, Bennett, and Faulkner (Doc. 59) is **DENIED as moot.** As noted above, Plaintiff has filed a Notice (Doc. 64) in which he identifies the first names of these Defendants.

6. With respect to Defendants **Christopher Trowell** and **Kimberly A. Tucker**, this Court directed the U.S. Marshal to serve them at confidential addresses filed under

seal (Doc. 63). On June 10, 2018, service of process was returned unexecuted as to Defendant Trowell (Doc. S-68). A Deputy U.S. Marshal explains that he was unable to serve Trowell, noting that the address provided was not "real," and an alternative address located was unsuccessful. In addition, on July 19, 2018, service of process was returned unexecuted as to Defendant Tucker (Doc. S-72), as attempts by the Deputy U.S. Marshal were also unsuccessful. Given the record, including the Department and the Deputy U.S. Marshal's efforts to locate Defendants Trowell and Tucker for service of process of the Complaint, this Court finds that reasonable avenues have been exhausted to find Defendants Trowell and Tucker.

Therefore, by **September 20, 2018**, Plaintiff shall **SHOW CAUSE** why Defendants Trowell and Tucker should not be dismissed from the action. Plaintiff's failure to timely comply with this Order to Show Cause may result in the **dismissal** of the claims against Defendants Trowell and Tucker without further notice.

7. The Court was advised that the U.S. Marshal was unable to perfect service within the time provided on Defendant **Charles W. Collins**. Thus, the Court will extend the time in which the U.S. Marshal has to perfect service on this Defendant. Service shall be perfected on Defendant Collins in accordance with the Order (Doc. 63) by **September 20, 2018**. The server shall use reasonable efforts to locate the Defendant and perfect service upon him. The **Clerk of Court** shall provide the U.S. Marshal's Office with one sealed USM-285 form, a copy of the Department's in camera Notice (Doc. S-55), a copy of the Complaint (Docs. 1, 1-1), the Order redirecting service (Doc. 63), and this Order for its use in perfecting service on Defendant Collins.

8. Plaintiff's Notice to Court regarding the Honorable Stanley H. Griffis (Doc. 62) is **STRICKEN**. To the extent Plaintiff requests the Court to direct the U.S. Marshal to serve Judge Griffis, his request is **DENIED as moot** because the Court exercises its authority under the Prison Litigation Reform Act (PLRA) to dismiss Judge Griffis from this action.

The PLRA requires a district court to dismiss a complaint or a portion thereof if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To the extent Plaintiff seeks monetary damages, Judge Griffis is entitled to absolute judicial immunity. It is well settled that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability." Dykes v. Hosemann, 776 F.2d 942, 944 (11th Cir. 1985). See also Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Even when a judge arguably acts in error, maliciously, or in excess of his authority, he will "not be deprived of immunity," Stump, 435 U.S. at 356, when he is "dealing with [plaintiff] in his judicial capacity," Simmons, 86 F.3d at 1084.

Plaintiff alleges the following in support of his claim against Judge Griffis:

> Judge Stanley H. Griffis has become a Defendant in this suit due to his conspiracy, nepotism, and denial of access to the Court by his retaliation in State Civil Case 63-2015CA80 due to Plaintiff [] suing a relative by blood, Captain C. Griffis. Plaintiff filed his Civil case into the Eighth Judicial Circuit Court in 2015 and has not been allowed to proceed due to Defendant Stanley H. Griffis, who granted Plaintiff['s] Affidavit of insolvency of $350.00 lien and refused to remove such cost from Plaintiff's prison account after refusing to allow Plaintiff to proceed. Plaintiff has constantly filed complaints before

> Defendant Stanley H. Griffis for him to rescue [sic] himself and deliver copies of complaints to Defendants. Defendant Stanley H. Griffis has refused and continues to violate Plaintiff's Civil Rights.

See Complaint (Doc. 1-1) at 25-26 (internal paragraph numbering omitted).

The acts about which Plaintiff complains were unquestionably done by Judge Griffis in his judicial capacity and not in the absence of subject-matter jurisdiction.[2] In addition, a review of the Circuit Court's docket shows that Plaintiff's case was dismissed on September 20, 2017, for his failure to comply with the court's order directing him to effectuate service of process on the named defendants.[3] Thus, Judge Griffis is entitled to judicial immunity as to Plaintiff's claim for damages against him.

To the extent Plaintiff seeks equitable relief, judicial immunity also bars his claim against Judge Griffis. The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Bolin, 225 F.3d at 1242 (quoting Pub. L. No. 104-317, 110 Stat. 3847 (1996)). See also Redford v. Wright, 378 F. App'x 987, 987 (11th Cir. 2010) (citing Bolin, 225 F.3d at 1242) (recognizing that the Eleventh Circuit has "extended judicial immunity to cases seeking injunctive relief against the judge"). Plaintiff has not alleged that Judge Griffis' acts violated a declaratory

---

[2] The Court takes judicial notice of Plaintiff's state court proceeding in the Eighth Judicial Circuit, in and for Union County, Florida, Case No. 63-2015-CA-80. See https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=ZGxXfwYZWJ62P6JvvnDAidObnBOwHMOnp5jzL45XN1g&from=caseSearchTab (last visited 8/1/2018).

[3] Notably, the Judge who ordered dismissal was not Judge Griffis, but Judge David Kreider. In the order of dismissal, Judge Kreider notes that Plaintiff indicated in a document he filed that he no longer wished to pursue his claim in Union County.

decree or that declaratory relief was unavailable. Therefore, to the extent Plaintiff's Complaint can be liberally construed as seeking injunctive relief,[4] Judge Griffis is entitled to judicial immunity.

9. Plaintiff's claim against Judge Griffis in his individual and/or official capacity for monetary and equitable relief is **DISMISSED with prejudice**. The **Clerk** is directed to terminate Judge Griffis from this action.

10. Plaintiff's Motions requesting additional time to show proof of service on Defendants[5] (Docs. 74, 77) are **GRANTED** to the extent that by **September 20, 2018**, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service upon Defendants as not otherwise directed in this Order. To the extent Plaintiff requests that the Court appoint a U.S. Marshal to serve Defendants (other than those already so ordered), his Motions are **DENIED**.

11. Plaintiff's Motion for Defendants to Provide Location and Whereabouts of Defendants to Court (Doc. 79) is **DENIED as moot.** The Court directs the Department, in this Order, to provide the last known address for Defendants Nathaniel Buckholtz, Corey Griffis, Samuel Mason, Dennis Bennett, and William Faulkner. And, the Department has already provided the current locations of Defendants Young (New River Correctional

---

[4] Plaintiff seeks injunctive relief, but arguably only as to the Department Defendants, not as to Judge Griffis. In his Complaint, Plaintiff seeks damages from each Defendant and also "[t]emporary or permanent injunction from harm due to DOC['s] constant[,] ongoing abuse of Plaintiff." See Complaint at 26.

[5] Aside from the Defendants the Court directed the U.S. Marshal to serve (Trowell, Tucker, and Collins) and those the Court directs, in this Order, the Department to provide last known addresses for (Faulkner, Buckholtz, C. Griffis, Mason, and Bennett), Plaintiff has yet to serve the following individuals: Larry T. Young, Sgt. Mclemore, E.A. Winkler, and Warden Steve Wellhausen.

Institution), Winkler (Cross City Correctional Institution), and Wellhausen (Lawtey Correctional Institution). See Notice (Doc. 54).

12. Plaintiff's document titled "Compliance" (Doc. 78) is **STRICKEN** from the Court's docket. In this document, Plaintiff again asks the Court for assistance with service of process because his funds have been depleted after paying $640.00 to Sheriff Brad Whitehead for service of process in this case and $5,000 to his criminal attorney.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of August, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Naiym Shahaab Talib, #080322
    Counsel of Record